IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GRANT MATTHISEN,<br><br>　　　Third-Party Plaintiff,<br><br>vs.<br><br>KEVIN CLARKSON, et al.,<br><br>　　　Third-Party Defendants. | Case No. 3:01-cv-00296-HRH<br><br>ORDER DENYING<br>MOTION TO REOPEN |

On April 14, 2006, Grant Matthisen, currently representing himself, filed a motion to reopen his civil case which was dismissed in 2002.[1] Mr. Matthisen states that he "was never notified of the A01-0296-CV (HRH) proceedings by any party involved."[2] Mr. Matthisen then swears, under oath, that he "was never informed of, or sent notice of, any proceeding," and that "all notices were distributed to Susan Anderson, in Eagle River. Neither my counsel or the other opposing counsel ever

---

[1] *See* Docket No. 53.

[2] *Id.* at 2 (Mr. Matthisen certifies that he served his motion on the Alaska Court System and the Alaska Bar Association, but not on any of the former defendants in this action).

informed me [that] a federal case involving me as the plaintiff ... was ever in existence."[3]

Mr. Matthisen attaches to his Declaration, at docket number 54, a page from an exhibit in a different case he brought before this Court, in which he objected to his state court divorce decree,[4] as well as a two pages from "Revelation."  In addition, on the last page of his Declaration, Mr. Matthisen requests "this file to be a supplement in its entirety to the Supreme Court of the United States and Ninth Circuit Case No. 05-35874,"[5] the latter of which is the appellate case number for the appeal of his case objecting to his state court divorce decree.[6]

Federal Civil Rule 60(b) states that relief from a final judgment or order may be granted for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

---

[3] Docket No. 54 at 1-2.

[4] *See* Case No. 3:05-cv-00147-JKS, Docket No. 2, Exhibit B at 10.

[5] Docket No. 54 at 2.  Mr. Matthisen lists the "Alaska Court System, Alaska Bar Association, and every member inclusive" as defendants, and certifies that he has served the Alaska Court System with his Declaration. *See id.* at 1, 3.

[6] *See* Case No. 3:05-cv-00147-JKS, Docket Nos. 7, 8.

satisfied, released, or discharged, or ... reversed or otherwise vacated ... ; or (6) any other reason justifying relief from the operation of judgment."

Because three and one-half years have elapsed since the dismissal of this federal case, Mr. Matthisen has not filed his motion to reopen within the 1-year time period after judgment as required for reasons (1), (2) or (3) of Rule 60(b). Subsections (4) and (5) do not apply, and the Court of Appeals for the Ninth Circuit has explained that Rule 60(b)(6) is only to be "used sparingly as an equitable remedy to prevent manifest injustice."[7] In addition, "a moving party must 'show both injury and that circumstances beyond its control prevented timely action to protect its interests.' ... Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."[8] In this case, Mr. Matthisen has shown a lack of diligence as well as confusion about his cases, which leads the Court to question the credibility of his statements as to notification involving this civil case in 2002.

---

[7] *United States v. Alpine Land & Reservoir, Co.* 984 F.2d 1047, 1049 (9th Cir.), *cert. denied*, 510 U.S. 813 (1993).

[8] *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998), *cert. denied*, 119 S.Ct. 1336 (1999) (citations omitted); *see also Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 393 (1993) (the "provisions [of Rule 60(b)] are mutually exclusive").

**IT IS HEREBY ORDERED** that:

Mr. Matthisen's motion to reopen his civil case, at docket number 53, is DENIED.

DATED this 25th day of April, 2006, at Anchorage, Alaska.

/s/ H. Russel Holland
United States District Judge
