## Orders on Motions

3:01-cv-00296-HRH Allstate Insurance Co. v. Matthisen et al **CASE CLOSED on 07/01/2002**

RECEIVED
APR 28 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**U.S. District Court**

**District of Alaska**

Notice of Electronic Filing

The following transaction was received from PRR, entered on 4/25/2006 at 11:03 AM ADT and filed on 4/25/2006

**Case Name:** Allstate Insurance Co. v. Matthisen et al
**Case Number:** 3:01-cv-296
**Filer:**
**WARNING: CASE CLOSED on 07/01/2002**
**Document Number:** 55

**Docket Text:**
ORDER denying [53] Motion for Hearing/Reopen Case . Signed by Judge H. Russel Holland on 4/25/06. cc: PSLC (PRR, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1105331613 [Date=4/25/2006] [FileNumber=86869-0]

[dfa798edffa0430fefab907ecf5645afa8abd8c820d6adf86ca075dd903071a362826
16b25f8d89e41541025fdf9580539db581519e50d3bb89518d88a7da12c]]

**3:01-cv-296 Notice will be electronically mailed to:**

Alfred T. Clayton , Jr atc@bwclawyers.com, akb@bwclawyers.com

**3:01-cv-296 Notice will be delivered by other means to:**

Andrew E. Kurzmann
525 W. 3rd Avenue, Suite 204
Anchorage, AK 99501

[illegible]
12540 Furrow Creek Road
Anchorage, AK 99516

Craig F. Stowers
Alaska Superior Court #326
825 W. 4th Avenue

ATTACHMENT #1

Anchorage, AK 99501

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GRANT MATTHISEN,

Third-Party Plaintiff,

vs.

KEVIN CLARKSON, et al.,

Third-Party Defendants.

Case No. 3:01 -cv-00296-HRH

ORDER DENYING
MOTION TO REOPEN

On April 14, 2006, Grant Matthisen, currently representing himself, filed a motion to reopen his civil case which was dismissed in 2002.[1] Mr. Matthisen states that he "was never notified of the A01-0296-CV (HRH) proceedings by any party involved."[2] Mr. Matthisen then swears, under oath, that he "was never informed of, or sent notice of, any proceeding," and that "all notices were distributed to Susan Anderson, in Eagle River. Neither my counsel or the other opposing counsel ever

[1] *See* Docket No. 53.

[2] *Id.* at 2 (Mr. Matthisen certifies that he served his motion on the Alaska Court System and the Alaska Bar Association, but not on any of the former defendants in this action).

Case 3:01-cv-00296-HRH Document 55-1 Filed 04/25/2006 Page 2 of 4

informed me [that] a federal case involving me as the plaintiff ... was ever in existence."[3]

Mr. Matthisen attaches to his Declaration, at docket number 54, a page from an exhibit in a different case he brought before this Court, in which he objected to his state court divorce decree,[4] as well as a two pages from "Revelation." In addition, on the last page of his Declaration, Mr. Matthisen requests "this file to be a supplement in its entirety to the Supreme Court of the United States and Ninth Circuit Case No. 05-35874,"[5] the latter of which is the appellate case number for the appeal of his case objecting to his state court divorce decree.[6]

Federal Civil Rule 60(b) states that relief from a final judgment or order may be granted for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

---

[3] Docket No. 54 at 1-2.

[4] *See* Case No. 3:05-cv-00147-JKS, Docket No. 2, Exhibit B at 10.

[5] Docket No. 54 at 2. Mr. Matthisen lists the "Alaska Court System, Alaska Bar Association, and every member inclusive" as defendants, and certifies that he has served the Alaska Court System with his Declaration. *See id.* at 1, 3.

[6] *See* Case No. 3:05-cv-00147-JKS, Docket Nos. 7, 8.

Case 3:01-cv-00296-HRH Document 55-1 Filed 04/25/2006 Page 3 of 4

satisfied, released, or discharged, or ... reversed or otherwise vacated ... ; or (6) any other reason justifying relief from the operation of judgment."

Because three and one-half years have elapsed since the dismissal of this federal case, Mr. Matthisen has not filed his motion to reopen within the 1-year time period after judgment as required for reasons (1), (2) or (3) of Rule 60(b). Subsections (4) and (5) do not apply, and the Court of Appeals for the Ninth Circuit has explained that Rule 60(b)(6) is only to be "used sparingly as an equitable remedy to prevent manifest injustice."[7] In addition, "a moving party must 'show both injury and that circumstances beyond its control prevented timely action to protect its interests.' ... Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."[8] In this case, Mr. Matthisen has shown a lack of diligence as well as confusion about his cases, which leads the Court to question the credibility of his statements as to notification involving this civil case in 2002.

---

[7] *United States v. Alpine Land & Reservoir, Co.* 984 F.2d 1047, 1049 (9th Cir.), *cert. denied*, 510 U.S. 813 (1993).

[8] *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) , *cert. denied*, 119 S.Ct. 1336 (1999) (citations omitted); *see also Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 393 (1993) (the "provisions [of Rule 60(b)] are mutually exclusive").

**IT IS HEREBY ORDERED** that:

Mr. Matthisen's motion to reopen his civil case, at docket number 53, is DENIED.

DATED this 25th day of April, 2006, at Anchorage, Alaska.

/s/ H. Russel Holland
United States District Judge

SPACE PROVIDED FOR H. RUSSELL HOLLAND TO BE AN ORIGINAL SIGNATURE FROM HIM AND HIM ALONE.

X ____________________

Anti Christ

I DEMAND THE ORIGINAL SENT BACK TO "Grant Matthsen".